LDA

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THAD E. CARMAN, JR.,** | : | |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | **C.A. No.:** |
| | : | |
| **SWIFT TRANSPORTATION CO., INC.,** | : | CA 06 507T |
| **Defendant** | : | |

## COMPLAINT

### I. Introduction

This is an action brought by the Plaintiff, Thad E. Carman, Jr., seeking declaratory and injunctive relief, attorney's fees and litigation expenses and other equitable relief, including back pay, as well as compensatory and punitive damages to redress unlawful discrimination in employment the Plaintiff suffered on account of his disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. ("ADA"), the Rhode Island Fair Employment Practices Act ("FEPA"), R.I.G.L. §28-5-1, *et seq*., the Rhode Island Civil Rights Act of 1990 ("RICRA"), R.I.G.L. §42-112-1, *et seq*., and the Civil Rights of People with Disabilities, R.I.G.L. ("CRPD") §42-87-1, *et seq*.

### II. Parties

1. The Plaintiff resides in the City of Providence, County of Providence, State of Rhode Island, and was formerly employed by Defendant Swift Transportation Co., Inc. ("Swift").

2. Defendant Swift is a corporation duly organized pursuant to the laws of the State of Arizona, with its principal place of business located at 2200 South 75th Street, Phoenix, Arizona 85043, and, at all relevant times, conducted business within the State of Rhode Island, with a local office located at 40 Thompson Road, North Kingstown, Rhode Island.

### III. Jurisdiction

3. This Court has jurisdiction pursuant to 28 U.S.C. §§1331, 1367, 2201, and 2202.

## IV. Venue

4. Venue is proper in this Court insofar as the Defendant is doing business and therefore is deemed to reside in the District of Rhode Island, in compliance with the requirements set forth in 28 U.S.C. §1391.

## V. Exhaustion of Administrative Remedies

5. On or about November 17, 2005, the Plaintiff co-filed a charge alleging disability discrimination with the Rhode Island Commission for Human Rights ("RICHR") and the U.S. Equal Employment Opportunity Commission ("EEOC").

6. On or about August 22, 2006, more than 120 days but not more than two (2) years having elapsed since the filing of the original charge, the Plaintiff co-filed a Request for Notice of Right to Sue with the RICHR and EEOC.

7. On or about August 29, 2006, the RICHR issued a Notice of Right to Sue to the Plaintiff.

8. On or about August 31 2006, the EEOC issued a Notice of Right to Sue to the Plaintiff.

9. There is no requirement under the RICRA relative to the exhaustion of administrative remedies.

## VI. Material Facts

10. On or about August, 1999, the Plaintiff was hired by Defendant Swift as a tractor trailer driver.

11. During all relevant time periods, the Plaintiff's work performance was satisfactory.

12. On or about December 5, 2003, the Plaintiff sustained injuries arising out of and in the course of his employment with Defendant Swift, specifically an injury to his left knee.

13. As a result of said injury, the Plaintiff remained out of work from on or about December 6, 2003 through on or about January 2, 2005.

14. On numerous occasions between December of 2004 and June of 2005, the Plaintiff requested that Defendant Swift provide him with a reasonable accommodation in the form of a transfer to a less urban route or assignment of a truck with an automatic transmission, either of which accommodations would have reduced the strain on his injured left knee caused by repeated use of the clutch pedal in city traffic, which said requests were denied.

15. On or about January 3, 2005, the Plaintiff returned to his regular job at Defendant Swift.

16. Subsequently, on or about January 21, 2005, due to a recurrence of severe pain and swelling in his left knee, the Plaintiff notified Defendant Swift that he needed to cease work and seek medical attention.

17. On or about April 1, 2005, due to his foregoing injuries, the Plaintiff was placed on personal leave without pay by Defendant Swift.

18. On or about May 19, 2005, the Plaintiff returned to work, but was forced to leave work again on June 2, 2005, due to a recurrence of left knee pain and swelling caused primarily by repetitive use of his tractor trailer truck's clutch pedal.

19. The Plaintiff immediately notified Defendant Swift that he was unable to continue at work due to a recurrence of pain and swelling in his knee and that he needed medical attention.

20. On several occasions between June 2, 2005 and June 10, 2005, the Plaintiff contacted Defendant Swift and reiterated his numerous previous requests for transfer to a non-urban route or assignment of a truck with an automatic transmission.

21. On or about June 10, 2005, the Plaintiff was terminated by Defendant Swift.

22. At that time, Defendant Swift's reason for Plaintiff's termination and the reason listed on his Separation Notice was "illness/injury."

23. However, in a letter to the Rhode Island Commission of for Human Rights, dated January 6, 2006, Defendant Swift stated that the basis for Plaintiff's termination was due to his

failure to call in or report for duty after June 2, 2005, notwithstanding the Plaintiff's several contacts with Defendant Swift between that date and the date of his termination on June 10, 2005.

***Failure to Provide Reasonable Accommodation***

24. **Request for Accommodation**. On numerous occasions, the Plaintiff requested that he be assigned a tractor with an automatic transmission or scheduled to work a non-urban route, where there would be less frequent stops and therefore less use of the clutch pedal, in order to relieve the physical stress on his knee.

25. **Refusal of Accommodation**. Insofar as the requested accommodation would have permitted the Plaintiff to perform his regular job while costing Defendant Swift nothing, it was by definition "reasonable." Nevertheless, Defendant Swift failed or refused to provide the Plaintiff with the requested reasonable accommodation, and then terminated him, in whole or in part, due to his request for that accommodation.

***Failure to Determine Reasonable Accommodation***

26. **Failure to Engage in Dialogue**. Defendant Swift was well aware of the Plaintiff's left knee problems and, therefore, had a duty under applicable law to inquire and engage in a dialogue relative to the necessity and nature of any reasonable accommodation that the Plaintiff may require, which Defendant Swift failed or refused to do.

27. **Failure to Determine Accommodation**. Defendant Swift made no effort whatsoever to determine whether the Plaintiff's requested accommodation was appropriate and feasible or to consider the options available with respect to an accommodation, and instead made the more expedient and convenient decision to terminate the Plaintiff.

***Unlawful Termination***

28. **Direct Evidence of Discrimination**. There is direct evidence that the Plaintiff was terminated on account of his disability insofar as the original "Separation Notice" he received listed "illness/injury" as the reason for termination.

29. **Pretext.** Defendant Swift's contention in its filings with the RICHR that the Plaintiff was terminated because "no one heard from [him] after June 2, 2005" is clearly false and therefore "unworthy of belief," insofar as the Plaintiff contacted Defendant Swift on several occasions between the foregoing date and the date of his termination, which establishes that Defendant Swift's subsequently stated reason for termination is pretextual and further supports the inference that the Plaintiff's termination was motivated by discriminatory animus.

***Perceived Disability***

30. **Termination Motivated by Discrimination.** Even if the Plaintiff was not technically "disabled" within the meaning of the ADA, Defendant Swift viewed the Plaintiff as "damaged goods," insofar as he was an employee who needed an accommodation, which Defendant Swift regarded as an inconvenience and annoyance, and Defendant Swift therefore determined it was far simpler to merely terminate the Plaintiff because of his perceived disability.

***Retaliation***

31. **Retaliatory Conduct.** Notwithstanding whether or not the Plaintiff was disabled and therefore entitled to a reasonable accommodation, he was terminated, in whole or in part, because he exercised his right to request a reasonable accommodation.

32. **Temporal Proximity.** The Plaintiff requested a reasonable accommodation on numerous occasions, including several occasions during the last week or so of his employment, and he was terminated just two days after he was advised that his request for an accommodation had been turned over to upper level managers, without ever hearing from them. The temporal proximity of the foregoing to the Plaintiff's termination supports a compelling inference that the Plaintiff was terminated for exercising his right to request a reasonable accommodation under applicable law.

33. That Defendant's actions and/or omissions are in violation the ADA, the FEPA, the RICRA, and the CRPD, and were intentional, willful, malicious, and/or with reckless and callous indifference to the statutorily protected rights of the Plaintiff.

34. As a proximate result of the Defendant's acts and/or omissions, including, but not limited to, those described herein, the Plaintiff has suffered and will continue to suffer loss of income and employment benefits, other economic damages, severe mental and physical anguish, pain and suffering, loss of enjoyment of life and other great harm.

## VII. Claims For Relief

35. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 34 of this Complaint in each of the counts below with the same force and effect as if set forth therein.

### Count One
### Unlawful Discrimination in Violation of 42 U.S.C. §12101, *et seq.*

36. The actions and/or omissions of the Defendant, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of his disability or perceived disability in violation of the Americans with Disabilities Act of 1990, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the Americans with Disabilities Act of 1990.

### Count Two
### Unlawful Retaliation in Violation of 42 U.S.C. §12101, *et seq.*

37. The actions and/or omissions of the Defendant, including, but not limited to, those described herein, constitute retaliation in violation of the Americans with Disabilities Act of 1990, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the Americans with Disabilities Act of 1990.

### Count Three
### Unlawful Discrimination in Violation of R.I.G.L. §28-5-1, *et seq.*

38. The actions and/or omissions of the Defendant, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of his disability or perceived disability in violation of the Fair Employment Practices Act, causing

the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the Fair Employment Practices Act.

**Count Four**
**Unlawful Retaliation in Violation of R.I.G.L. §28-5-1, *et seq.***

39. The actions and/or omissions of the Defendant, including, but not limited to, those described herein, constitute retaliation in violation of the Fair Employment Practices Act, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the Fair Employment Practices Act.

**Count Five**
**Unlawful Discrimination in Violation of R.I.G.L. §42-112-1, *et seq.***

40. The actions and/or omissions of the Defendant, including, but not limited to, those described herein, constitute unlawful employment discrimination against the Plaintiff on account of his disability or perceived disability insofar as said actions resulted in the termination of an employment contract and the loss of benefits, privileges, terms, and conditions of a contractual relationship existing between the Plaintiff and Defendant Swift in violation of the Rhode Island Civil Rights Act of 1990, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the Rhode Island Civil Rights Act of 1990.

**Count Six**
**Unlawful Retaliation in Violation of R.I.G.L. §42-112-1, *et seq.***

41. The actions and/or omissions of the Defendant, including, but not limited to, those described herein, constitute retaliation in violation of the Rhode Island Civil Rights Act of 1990, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the Rhode Island Civil Rights Act of 1990.

**Count Seven**
**Unlawful Discrimination in violation of R.I.G.L. §42-87-1, *et seq.***

42. The actions and/or omissions of the Defendant, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account

of his disability or perceived disability in violation of the Civil Rights of People with Disabilities, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the Civil Rights of People with Disabilities.

**Count Eight**
**Unlawful Retaliation in Violation of R.I.G.L. §42-87-1, *et seq.***

43. The actions and/or omissions of the Defendant, including, but not limited to, those described herein, constitute retaliation in violation of the Civil Rights of People with Disabilities, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the Civil Rights of People with Disabilities.

## VIII. Prayers for Relief

**WHEREFORE**, Plaintiff respectfully prays that this Court grant the following relief:

1. A declaratory judgment declaring that Defendant, in the manner described herein, unlawfully discriminated against the Plaintiff in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*., Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq*., the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq*., and the Civil Rights of People with Disabilities, R.I.G.L. §42-87-1, *et seq.*

2. Award Plaintiff back pay, including incremental increases, pension rights and other benefits, plus prejudgment interest thereon.

3. Award Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, plus prejudgment interest thereon.

4. Award Plaintiff exemplary damages for Defendant's intentional, malicious, reckless and/or willful violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*., the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq*., the Rhode Island Civil

Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*, and the Civil Rights of People with Disabilities, R.I.G.L. §42-87-1, *et seq.*

5. Award Plaintiff reasonable attorney's fees and costs of litigation pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12205, Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-24(a)(3), the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-2, and the Civil Rights of People with Disabilities, R.I.G.L. §42-87-4(a).

6. Such other and further relief as the Court deems just and proper.

## IX. Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all counts so triable.

## X. Designation of Trial Counsel

Plaintiff hereby designates Richard A. Sinapi, Esquire, as trial counsel.

**PLAINTIFF,**
By his attorneys,
**SINAPI, FORMISANO & COMPANY, LTD.**

**Dated: November 22, 2006**

**Richard A. Sinapi (#2977)**
100 Midway Place, Suite 1
Cranston, RI 02920-5707
Phone: (401) 944-9690
FAX: (401) 943-9040