**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| THAD E. CARMAN, JR.,<br><br>Plaintiff,<br><br>v.<br><br>SWIFT TRANSPORTATION CO., INC.,<br><br>Defendant. | Case No. CA 06-507 |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT SWIFT TRANSPORTATION CO., INC.**

Defendant Swift Transportation Co., Inc. ("Defendant" or "Swift") hereby answers the Complaint of Plaintiff Thad E. Carman ("Plaintiff") in accordance with its numbered paragraphs as follows:

**Parties**

1. Defendant admits that Plaintiff was formerly employed by Defendant. Defendant is without information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of the Complaint and therefore denies same.

2. Defendant admits the allegations contained in paragraph 2 of the Complaint.

**Jurisdiction**

3. Defendant states that paragraph 3 of the Complaint contains only purported legal conclusions and summaries to which Defendant is not otherwise

obligated to respond. To the extent a response is required, Defendant denies any and all allegations contained in paragraph 3.

**Venue**

4. Defendant states that paragraph 4 of the Complaint contains only purported legal conclusions and summaries to which Defendant is not otherwise obligated to respond. To the extent a response is required, Defendant denies any and all allegations contained in paragraph 4.

**Exhaustion of Administrative Remedies**

5. Defendant admits that, on or about November 17, 2005, Plaintiff co-filed a charge alleging disability discrimination with the Rhode Island Commission for Human Rights ("RICHR") and the Equal Employment Opportunity Commission. Plaintiff denies that it discriminated against Plaintiff.

6. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and therefore denies same.

7. Defendant admits the allegations contained in paragraph 7 of the Complaint.

8. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and therefore denies same.

9. Defendant states that paragraph 9 of the Complaint contains only purported legal conclusions and summaries to which Defendant is not otherwise obligated to respond. To the extent a response is required, Defendant denies any and all allegations contained in paragraph 9.

10. Defendant admits that it hired Plaintiff as a Driver Trainee on November 10, 1999. Defendant denies the remaining allegations contained in paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Defendant admits that Plaintiff sustained a left knee injury on or about December 5, 2003, while employed by Defendant. Defendant is without information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 of the Complaint and therefore denies same.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant admits that from December 2004 through June 2, 2005, Plaintiff made several requests of Defendant that he be assigned by Defendant to a tractor with an automatic transmission or scheduled to work a non-urban route. Defendant denies the remaining allegations contained in paragraph 14 of the Complaint.

15. Defendant admits the allegations contained in paragraph 15 of the Complaint. Further answering, Defendant states that, after approximately one year, Plaintiff returned from work on or about December 6, 2004, following a leave of absence related to workers compensation and that after additional medical leave, Plaintiff was released to full duty on or about January 2, 2005.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant admits that, on April 1, 2005, Plaintiff requested and received a personal leave of absence for a period of thirty days. Defendant is without information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of the Complaint and therefore denies same.

18. Defendant admits that Plaintiff was scheduled to return from his personal leave of absence on May 1, 2005, but unilaterally extended his leave through May 20, 2005, and returned to work on May 21, 2005. Defendant admits further that after June 2, 2005, Plaintiff failed to call in or report for duty. Defendant is without information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the Complaint and therefore denies same.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint. Further answering, Defendant states that after June 2, 2005, Plaintiff failed to call in or report for duty, and that Plaintiff left Defendant with no choice but to treat his prolonged absence as a voluntary resignation of employment effective June 10, 2005.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant admits that, in a submission made to the RICHR, it stated that Plaintiff left Defendant with no choice but to treat his prolonged absence as a voluntary resignation of employment effective June 10, 2005, and that the reason coded by

Defendant for his separation from employment was "V21-No Show, No Contact – Driver." Defendant denies the remaining allegations contain in paragraph 23 of the Complaint.

**Failure to Provide Reasonable Accommodation**

24. Defendant admits that Plaintiff made several requests of Defendant that he be assigned by Defendant to a tractor with an automatic transmission or scheduled to work a non-urban route. Defendant denies the remaining allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

**Failure to Determine Reasonable Accommodation**

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

**Unlawful Termination**

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

**Perceived Disability**

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

**Retaliation**

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

**Claims for Relief**

35. Defendant repeats and incorporates by reference its responses to paragraphs 1 through 34 of the Complaint as though fully set forth herein.

**Count One**
**Unlawful Discrimination in Violation of 42 U.S.C. §12101, et seq.**

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

**Count Two**
**Unlawful Retaliation in Violation of 42 U.S.C. §12101, et seq.**

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

**Count Three**
**Unlawful Discrimination in Violation of R.I.G.L. §28-5-1, et seq.**

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

**Count Four**
**Unlawful Retaliation in Violation of R.I.G.L. §28-5-1, et seq.**

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

**Count Five**
**Unlawful Discrimination in Violation of R.I.G.L. §42-112-1, et seq.**

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

**Count Six**
**Unlawful Retaliation in Violation of R.I.G.L. §42-112-1, et seq.**

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

**Count Seven**
**Unlawful Discrimination in Violation of R.I.G.L. §42-87-1, et seq.**

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

**Count Eight**
**Unlawful Retaliation in Violation of R.I.G.L. §42-87-1, et seq.**

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims are based on alleged actions that occurred outside the applicable statutes of limitation, such claims are barred.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by his failure to exercise reasonable diligence to avoid harm.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because he failed to exercise reasonable diligence in mitigating her alleged damages.

### FIFTH AFFIRMATIVE DEFENSE

Any and all actions Defendant took with respect to Plaintiff's employment were taken for legitimate, nondiscriminatory reasons.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the exclusivity provisions of the Workers' Compensation statute.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to the extent Plaintiff's claims are barred, either whole or in part, by the doctrines of waiver, laches and/or estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**

At all times relevant to the allegations in the Complaint, Defendant had an effective policy for the prevention and correction of unlawful discriminatory practices. Notwithstanding the existence of this policy, Plaintiff unreasonably failed to utilize it in connection with the allegations of unlawful discrimination asserted herein.

**NINTH AFFIRMATIVE DEFENSE**

If Plaintiff suffered injuries or damages as alleged, which Defendant denies, his claims to relief are barred because such damages are the result of Plaintiff's own conduct.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's request for punitive or exemplary damages fails because Defendant did not act with malice or reckless indifference with respect to Plaintiff.

**ELEVENTH AFFIRMATIVE DEFENSE**

Insofar as Plaintiff seeks to recover relief for for alleged incidents of discrimination not listed in any charge, Plaintiff may not recover any relief for such incidents of alleged discrimination.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant reserves the right subsequently to assert other defense of which they may become aware during the course of this proceeding.

WHEREFORE, Defendant demands judgment dismissing the Complaint with prejudice, together with the costs and disbursements of this action, reasonable attorneys' fees and such other and further relief as the Court deems just and proper.

Respectfully submitted,

**SWIFT TRANSPORTATION CO., INC.**

By its Counsel,

/s/ George P. Kostakos
George P. Kostakos (R.I. Bar. No. 6971)
Littler Mendelson, P.C.
Ten Weybosset Street
Providence, RI 02903
(401) 454-2910
(401) 454-2969 (fax)

April 10, 2007

**CERTIFICATE OF SERVICE**

I, George P. Kostakos, hereby certify that on this 10th day of April, 2007, a true and accurate copy of the foregoing Answer and Affirmative Defenses of Defendant Swift Transportation Co., Inc. was served electronically upon plaintiff's counsel of record:

Richard A. Sinapi, Esq.
Sinapi, Formisano & Company, LTD.
100 Midway Place, Suite 1
Cranston, RI 02920-5707

/s/ George P. Kostakos
George P. Kostakos